IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEANA WATSON, *as Personal Representative of the Estate of* CLAUDE GARRETT, *deceased*,<br><br>    Plaintiff,<br><br>v.<br><br>Current and/or Former Nashville Metropolitan Fire Department Marshalls KENNETH PORTER, OTIS JENKINS, and PATRICK HUNT, Current and/or Former Nashville Metropolitan Police Officers WILLIAM MICHAEL ROLAND, DAVID MILLER, and DESMOND CARTER, Current and/or Former ATF Agent JAMES COOPER, and THE UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No.: 3:23-cv-00456<br>JUDGE RICHARDSON<br>MAGISTRATE JUDGE FRENSLEY<br><br>JURY DEMANDED |

## **AGREED PROTECTIVE ORDER**

For the purpose of protecting the privacy of the parties against the unreasonable and unprotected disclosure of information pertaining to them, for good cause shown, and in accordance with the provisions and objectives of the Privacy Act of 1974, 5 U.S.C. § 552a (1976), and to protect information that may potentially be Law Enforcement Sensitive information, it is hereby **ORDERED** pursuant to 5 U.S.C. § 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure:

1. This Order applies to, governs, and directs the disclosure in the course of this action, under the Federal Rules of Civil Procedure, of all records potentially covered by the Privacy Act, and all records that may contain potentially Law Enforcement Sensitive information, and which are encompassed by the Federal Rules requiring disclosure or are reasonably necessary or useful

to respond to discovery. This Order neither addresses nor overrules any objections to discovery made pursuant to the Federal Rules of Civil Procedure on any basis. This Order permits the parties to meet their disclosure and discovery obligations by disclosing to the parties those files and documents, or information from those files and documents, reasonably calculated to fulfill those obligations without requiring the parties to pre-screen each document for Privacy Act objections or Law Enforcement Sensitive objections and present those objections to this Court for a decision regarding disclosure.

2. The term "Protected Information" means documents, information, government records, or other materials that are subject to the provisions of this Order. Counsel for the party releasing documents, materials, information, or government records intended to be covered by this Order shall, by written identification, designate those items as being Protected Information subject to this Order. To the extent feasible, the producing party will mark documents or materials containing Protected Information with the designation, "SUBJECT TO PROTECTIVE ORDER."

3. The records or the information obtained from those records shall be disclosed by Defendants only to named parties, their attorneys, and other persons identified in Paragraph 5 of this Order. Named parties and their attorneys shall be allowed to copy any such records but shall not disclose them or any information obtained from them to any person unless such disclosure is reasonably calculated in good faith to aid the preparation or prosecution of this litigation. The parties shall ensure that any person to whom disclosure may be made shall, prior to such disclosure, be informed of the terms of this Order. Any person to whom such disclosure is made and who is aware of this Order shall be bound by the terms of this Order. No party shall use any documents with the designation "Subject to Protective Order" for public disclosure purposes without the written approval from the producing party. To the extent practicable, the parties agree to confer

before filing any document with the designation "Subject to Protective Order" to determine if any party needs to move the court to seal the document.

4. No person to whom a record covered by this Order is disclosed by the parties shall make a copy of the record unless copying reasonably promotes the preparation for and trial of this litigation. No party, nor any individual to whom they make disclosure, shall disclose a record covered under this Order and information contained in or derived from such a record except for the purposes of preparing for and prosecuting this litigation.

5. Except insofar as a person would have had access to Protected Information apart from this litigation in the normal course of business (as, for example, any doctor would have access to records he or she created, and certain current ATF employees would have access to particular ATF records), access to the material and information designated as subject to this Order shall be limited to:

a) A named party to this litigation;

b) attorneys for the parties to this litigation and their law clerks, interns, legal assistants, paralegals, and secretaries, to the extent that those individuals are assisting the attorneys in this litigation;

c) the Court and courtroom-related personnel, including court reporters;

d) third parties whose testimony is taken in this action necessary to elicit testimony concerning Protected Information; and

e) consultants and expert witnesses retained by any party to this litigation, only if necessary for their expert opinion and/or testimony.

Counsel for the parties may show materials designated as subject to the Order to witnesses at deposition in this matter. If counsel for the producing party believes that the materials used in

the deposition should be placed under seal, the producing party must file a motion with the Court. Counsel are encouraged to hold such discussions in advance of those depositions to the extent possible.

6. Upon conclusion of this action (including appeals), all records or copies of records (except copies of documents accepted into evidence) secured from the parties and protected by the terms of this Order shall within a reasonable period be destroyed.

7. Nothing in this Order constitutes any decision by the Court concerning discovery disputes, the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction, nor does the Order constitute a waiver by the parties of their right to object to the discovery of or admission into evidence of any record or information subject to this Order. This Protective Order does not add to or modify the parties' obligations under applicable federal law, rules of procedure, and local rules of practice regarding filing redacted documents or documents under seal. By consenting to this Order, neither party waives any of its positions respecting either the facts or the law applicable to this litigation.

ENTERED this 30th day of October 2023.

_____
JEFFREY S. FRENSLEY
United States Magistrate Judge

**APPROVED FOR ENTRY:**

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

s/ Michael Tackeff
ANICA C. JONES, B.P.R. # 025325
MICHAEL C. TACKEFF, B.P.R. #036953
KIMBERLY S. VEIRS, B.P.R. #034811
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
Email: michael.tackeff@usdoj.gov
kimberly.veirs@usdoj.gov
anica.jones@usdoj.gov
*Attorneys for the United States*

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy was sent by United States first class mail, postage prepaid, to the following:

| | |
|---|---|
| Kathleen T. Zellner<br>Nicholas Curran<br>Kathleen T. Zellner & Associates, P.C.<br>4580 Weaver Parkway, Suite 204<br>Warrenville, IL 60555<br>Email: attorney@zellnerlawoffices.com<br>Email: nick@zellnerlawoffices.com | Wesley B. Clark<br>Brazil Clark, PLLC<br>2901 Dobbs Avenue<br>Nashville, TN 37204<br>Email: wesley@brazilclark.com |
| Allison L. Bussell<br>Metropolitan Legal Department<br>P.O. Box 196300<br>Nashville, TN 37219<br>Email: allison.bussell@nashville.gov | |

s/ Michael Tackeff
MICHAEL C. TACKEFF
Assistant United States Attorney