IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEANA WATSON, *as Independent* )
*Administrator of the Estate of* CLAUDE )
GARRETT*, deceased*, )
)
    Plaintiff, )
)
v. )    Case No.: 3:23-cv-00456
)    JUDGE RICHARDSON
Current and/or Former Nashville Metropolitan )    MAGISTRATE JUDGE FRENSLEY
Fire Department Marshalls KENNETH )
PORTER, OTIS JENKINS, and PATRICK )
HUNT, Current and/or Former Nashville )
Metropolitan Police Officers WILLIAM )
MICHAEL ROLAND, DAVID MILLER, and )
DESMOND CARTER, Current and/or Former )
ATF Agent JAMES COOPER, and THE )
UNITED STATES OF AMERICA, )
)
    Defendants. )

## MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS

Pursuant to Rule 12(b)(1), the United States moves to dismiss this case for lack of subject matter jurisdiction. Discovery has revealed that when Plaintiff Deana Watson ("Plaintiff") filed this case on May 8, 2023, on behalf of her deceased father, Claude Garrett, she lacked standing to do so. Although she referred to herself as a personal representative of her father's estate, in fact, no estate existed. In May 2023, she had not petitioned the probate court in Montgomery County, Tennessee, to open an estate on behalf of her father, nor had she been validly appointed as personal representative or administrator of any estate. Plaintiff misrepresented her status, brought this lawsuit as if the procedural defect did not exist, and tried to cure her original lack of standing by filing a Second Amended Complaint. For the reasons discussed below, this motion should be granted, and this case should be dismissed in its entirety.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff filed this case on May 8, 2023. D.E. 1. In summary, the Complaint alleges that

Defendants conspired to deprive the allegedly wrongfully convicted individual, Claude Garrett, of his constitutional rights and to incarcerate him when they knew he was innocent. D.E. 67 at 19, ¶¶ 146–147, PageID #: 448 (Second Amended Complaint, the operative complaint). After two convictions, the State of Tennessee dismissed the charges against Garrett on May 10, 2022. D.E. 67 at 15, 16, 18, ¶¶ 116, 120, 140, PageID #: 444, 445, 447. Garrett was released from Tennessee state prison on May 10, 2022, and died on October 30, 2022. D.E. 67 at 3, 18, ¶¶ 12, 139–140, PageID #: 432, 447.

On behalf of her father, Plaintiff now seeks relief against an array of Defendants under a wide set of theories, including 42 U.S.C. § 1983 (Counts I-IV), the Federal Tort Claims Act (Counts V and VI), and under Tennessee law (Count VII). D.E. 67 at PageID #: 448–454. While a comprehensive analysis of the statute of limitations for each count and each defendant is beyond the scope of this Motion, the complaint was filed just before the statute likely ran on certain claims. *Cf. Mason v. Dep't of Just.*, 39 F. App'x 205, 207 (6th Cir. 2002) (one year statute of limitations for *Bivens* claims in Tennessee); *Leach v. Taylor*, 124 S.W.3d 87, 91 (Tenn. 2004) (one year statute of limitations for intentional infliction of emotional distress); Tenn. Code Ann. § 28-3-104(a)(1) (one year statute of limitations for torts like malicious prosecution).

Both the caption and the introductory paragraph of the original complaint named Deana Watson as the Personal Representative of the Estate of Claude Garrett. D.E. 1 at 1, PageID #: 1. The Complaint alleged that Plaintiff was the sole daughter of Claude Garrett and that she was the representative of his estate. D.E. 1 at 3, ¶¶ 12–13, PageID #: 3. Plaintiff filed an Amended Complaint two days later, on May 10, 2023, again calling herself the personal representative of her father's estate and again substantively alleging that she was the representative of his estate. D.E. 5 at 3, ¶¶ 12–13, PageID #: 35. In its Answer to the First Amended Complaint, the United States stated that it had insufficient knowledge to admit or deny those allegations. D.E. 41 at 3, ¶¶ 12–13, PageID #: 152.

2

In January of 2024, counsel for the Plaintiff sought consent from counsel for the Defendants to file a Second Amended Complaint. As explained in his Motion, he sought to "more accurately identify [Plaintiff] as acting in her capacity as 'independent administrator' of the estate of Claude Garrett, deceased." D.E. 63 at 1, ¶¶ 2–3, PageID #: 363. Based on the representations in Plaintiff's counsel's email ("The only change to the complaint would be to identify the plaintiff as the independent administrator of Mr. Garrett's estate (rather than as personal representative). There are no other changes to the complaint."), the United States did not object to the Motion. Exhibit A.[1] On January 18, 2024, Plaintiff filed the Second Amended Complaint with that change. D.E. 67 at 3, ¶¶ 12–13, PageID #: 432. The United States' answer to the allegations regarding Plaintiff's status was the same.[2] D.E. 70 at 3, ¶¶ 12–13, PageID #: 459.

The United States served discovery requests on the Plaintiff on November 17, 2023. Following agreed-upon extensions, Plaintiff responded to the United States' Interrogatories (Exhibit B) and Requests for Admission on February 7, 2024 (Exhibit C) and responded to the United States' Requests for Production of Documents on February 16, 2024. Exhibit D. Pertinent here, Plaintiff attested in her responses to interrogatories that she had never been involved in a legal proceeding other than a divorce from her first husband. Exhibit B at Response to ROG#3. This is an inaccurate response based on Plaintiff's petition to open an estate on behalf of her father in Montgomery County probate court. In response to an interrogatory requesting that she describes

---

[1] Because this Motion is a factual attack on jurisdiction, there is no bar to attaching documents outside the pleadings to this Motion. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Transamerica Life Ins. Co. & Transamerica Corp. v. Douglas*, No. 3:21-CV-00194, 2023 WL 2656527, at *4 (M.D. Tenn. Mar. 27, 2023).

[2] The United States intends to amend its answer to add lack of subject matter jurisdiction and lack of standing as affirmative defenses, and has sought the position of opposing counsel on that motion pursuant to Local Rule 7.01(a)(1). If opposing counsel consents, a motion may not be necessary. Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent *or* the court's leave. The court should freely give leave when justice so requires.") (emphasis added).

all actions she had taken as representative of the estate of Claude Garrett, Plaintiff attested, "Plaintiff has petitioned the court to be appointed independent administrator of Garrett's estate for the purposes of acting in that capacity in this lawsuit." Exhibit B at Response to ROG#13. That response has been the subject of a pending discovery dispute between the parties, and the United States will not burden the Court with those exchanges in this filing.

During her deposition on March 20, 2024, Plaintiff testified that after her father was released from prison, he intended to file a lawsuit, made overtures to various attorneys, and hired Plaintiff's current lawyers in the fall of 2022. Exhibit E at 73:3-74:22; 207:12-209:1. She testified that she did not know what an independent administrator was, and that her current attorneys had recommended a probate firm in Clarksville. *Id.* at 78:4-81:9. She could not name her attorney at the probate firm, and stated that she was not paying that lawyer. *Id.* at 84:11-85:5; 187:3-190:3. She also testified that as of May 5, 2023, three days before the complaint in this case was filed, she was not actively involved in this case. *Id.* at 168:15-170:16.[3]

Following up on Plaintiff's statements during her deposition, on March 21, 2024, counsel for the United States requested that the Montgomery County probate court provide the file for the Claude Garrett estate. Those documents are attached as Exhibit F.[4] They reveal that the Plaintiff filed her Petition to be appointed as an administrator of her father's estate on June 30, 2023, almost two months after she filed this case and more than a month after she represented in the original complaint that she was already the personal representative of her father's estate. On July 13, 2023,

---

[3] Note: the 30 days for Plaintiff's errata have not yet elapsed. Fed. R. Civ. P. 30(e).

[4] The Court can take judicial notice of state court records under Fed. R. Evid. 201. *Scarso v. Cuyahoga Cnty. Dep't of Hum. Servs.*, 917 F.2d 1305, at *2 (6th Cir. 1990); *Golf Vill. N., LLC v. City of Powell, Ohio*, 338 F. Supp. 3d 700, 704 n.1 (S.D. Ohio 2018). Counsel for the Plaintiff produced these documents on April 4, 2024, after a discovery dispute telephone call between lead counsel. The United States has attached the Bates-stamped documents produced by Plaintiff for clarity, but they largely mirror the documents provided to the United States by the Montgomery County clerk.

4

the probate court entered an order appointing Plaintiff as the estate administrator. *Id.* The timing of the probate proceedings in Montgomery County was not disclosed to any defendant, although Plaintiff's supplemental production of documents on April 4, 2024, included the probate file. By the Plaintiff's own admission, her father died on October 30, 2022. D.E. 1 at 3, ¶ 12, PageID #: 3. Plaintiff waited more than eight months to petition the state probate court to open Claude Garrett's estate and appoint her as the administrator, and she only did so after filing this lawsuit. As discussed below, she lacked standing in May 2023, and this Court lacked and continues to lack subject matter jurisdiction to hear this case.

## ARGUMENT

Pursuant to both Tennessee and Sixth Circuit caselaw, the United States asserts that this case must be dismissed for lack of subject matter jurisdiction because Plaintiff lacked standing to bring this case. Another way to view this course of conduct is through Fed. R. Civ. P. 17 – but even when viewed through that lens, still Plaintiff failed to secure approval from the probate court before filing this case. That is not permissible. Coupled with Plaintiff's vague responses to discovery requests, her deposition testimony, and counsel's representation that the Second Amended Complaint was merely a routine amendment, Plaintiff kept this sequence of events from coming to light until almost a year into the case.

**I.** **Tennessee Probate Law Requires Administrators Be Appointed Before Acting.**

There is no question that Plaintiff did not suffer constitutional deprivations herself. She brings this case on behalf of her father and to recover for torts allegedly committed upon her father. But she brought this case before she obtained consent from the Tennessee courts to act on behalf of his estate and before his estate was even open. Tennessee law is clear: "No person shall presume to enter upon the administration of any deceased person's estate until the person has obtained letters of administration or letters testamentary." Tenn. Code Ann. § 30-1-101; *In re Est. of*

5

*Hendrickson*, No. M200801332COAR9CV, 2009 WL 499495, at *7 (Tenn. Ct. App. Feb. 25, 2009) ("Because the absolute title is vested with the personal representative, only the Administrator has the right to maintain a civil action to recover the debts or other assets due the estate."). Letters of administration may be granted only by the probate court where the deceased resided. Tenn. Code Ann. § 30-1-102. The process is not automatic: "For want of application for administration upon the part of the spouse, the administration shall be granted to the next of kin, *if such next of kin apply for it.*" Tenn. Code Ann. § 30-1-106 (emphasis added). An oath is required, Tenn. Code Ann. § 30-1-111, as is a verified petition, Tenn. Code Ann. § 30-1-117(a). The administrator, when appointed, shall be a party to proceedings in court. Tenn. Code Ann. § 30-1-308.

There is little daylight under Tennessee law between executors, personal representatives, and administrators. *See* Tenn. Code Ann. § 1-3-105(a)(21) (defining personal representative to include executors and administrators); *Est. of Hordeski v. First Fed. Sav. & Loan Ass'n of Russell Cnty., Ala.*, 827 S.W.2d 302, 303 n.1 (Tenn. Ct. App. 1991) ("The personal representative of an estate succeeds generally to the position of the deceased in respect to suing and being sued.") (citing *Western Surety Company v. Wilson*, 484 S.W.2d 45 (Tenn. App. 1972)); *W. Sur. Co. v. Wilson*, 484 S.W.2d 45, 48 (Tenn. Ct. App. 1972) ("The status and relationship of an administrator to the estate he administers is a peculiar one. He is the Personal representative succeeding generally to the position of the deceased in respect to suing and being sued in respect to the affairs of the deceased as they occurred or existed prior to the death of deceased."); 2 JACK W. ROBINSON, SR., JEFFREY MOBLEY, & ANDRA J. HEDRICK, PRITCHARD ON WILLS AND ADMINISTRATION OF ESTATES § 507 (7th ed. 2009) ("In this State, the tendency has been to disregard this common law distinction and to assimilate the rights and powers of executors and administrators. *The statute forbids any person entering upon the administration of any decedent's estate until he has procured letters, and both testate as well as intestate estates are embraced within the positive prohibition of*

6

*the statute*.") (citing Tenn. Code Ann. § 30-1-101, emphasis added).

Estates themselves are generally not proper parties to cases under Tennessee law. *Sowell v. Est. of Davis*, No. W200900571COAR3CV, 2009 WL 4929402, at \*4 (Tenn. Ct. App. Dec. 21, 2009); *Bryant v. Est. Of Klein*, No. M200801546COAR9CV, 2009 WL 1065936, at \*3 (Tenn. Ct. App. Apr. 20, 2009); *see also Guyear v. Blalock*, No. M2012-01562-COA-R3CV, 2014 WL 3697564, at \*4 (Tenn. Ct. App. July 23, 2014) ("The proper way to establish the respective rights of Leroy Guyear's heirs to his property would have been through the administration of his estate. If Doris Guyear had been appointed as the administrator, then she would have had the right, and perhaps even the duty, to sue on behalf of his estate in order to collect any debts that were owed to her late husband.")

Tennessee law does not permit parties to litigate cases before they have sought appointment from whichever probate court holds jurisdiction over the estate. *Hopson v. Am. Advisors Grp.*, No. E201801698COAR3CV, 2019 WL 4325873, at \*2 (Tenn. Ct. App. Sept. 12, 2019) ("Our review of the record confirms that Plaintiff had no standing to file suit on behalf of Decedent's estate because he had not obtained the requisite letters of administration or letters testamentary.") (quoting Tenn. Code Ann. § 30-1-101, where plaintiff was son of decedent); *see also In re Est. of Lake*, No. W201901818COAR3CV, 2020 WL 7365818, at \*5 (Tenn. Ct. App. Dec. 15, 2020) (dismissing appeal where no administrator appointed to represent estate); *Palmer v. Colvard*, No. E201800454COAR3CV, 2019 WL 3451393, at \*2–3 (Tenn. Ct. App. July 31, 2019) (affirming dismissal where no letters testamentary had been issued to daughter); *see also In re Est. of Hendrickson*, 2009 WL 499495, at \*7 ("The law in Tennessee is clear that *upon the appointment of* a personal representative, the title to all of the decedent's general personal estate is vested in the representative.") (emphasis added).

This has been the law in Tennessee for centuries. *See, e.g.*, *Hurt v. Fisher,* 35 S.W. 1085, 1086 (Tenn. 1896); *Fay v. Reager*, 34 Tenn. 200, 203 (Tenn. 1854); *see also* 2 Jack W. Robinson,

7

SR., JEFFREY MOBLEY, & ANDRA J. HEDRICK, PRITCHARD ON WILLS AND ADMINISTRATION OF ESTATES § 508 (7th ed. 2009) ("So conclusive, however, is this presumption of the relation of letters to the time of the death of the decedent that, if the representative should institute a civil action as such before obtaining letters, proof will not be heard to show that the letters in fact were issued after the institution of the action."); *see also id.* § 507 (quoting § 30-1-101).

The course of conduct here speaks plainly. Plaintiff needed to file this lawsuit in May 2023 to beat the statute of limitations, but she lacked standing to do so. Tennessee law is clear. An estate itself is not a proper party, and an administrator cannot file a lawsuit before appointment. Yet that is what happened here.

**II.     Plaintiff Lacked Standing When She Filed This Case.**

Subject matter jurisdiction can be raised at any time, Fed. R. Civ. P. 12(h)(3); *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002), and standing is determined at the time the complaint is filed, *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 580 (6th Cir. 2012). Because "jurisdiction is tested by the facts as they existed when the action is brought," *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957), this Court's analysis must focus on Plaintiff's standing in May 2023. The probate documents conclusively show that in May 2023, Plaintiff was neither a personal representative nor administrator, and she had not secured the necessary documentation to bring this case or open the estate. Plaintiff expressly alleged that she was the personal representative of her father's estate in the complaint in May 2023, D.E. 1 at 1, PageID #: 1; D.E. 5, at 1, PageID #: 33, but then she hired an estate attorney two months later to open the estate.

In a similar case filed under Section 1983, the Sixth Circuit held that administrator status had to be secured prior to filing suit:

> Thus, as evidenced by his own allegations, Mr. Miller became the administrator of the estate after litigation commenced-not before. Yet to satisfy the standing requirement, Mr. Miller must have been the administrator when the complaint was originally filed on April 12, 2022. *See Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 580 (6th Cir. 2012) ("Standing is determined at the time the

complaint is filed."). A pending application to be named administrator does not suffice for purposes of Article III standing. And he did not seek to file an amended complaint after he attained the status of administrator. Because Mr. Miller's application was still pending in the Ohio probate court at the time the complaint was filed, he lacked standing to bring this § 1983 action. As such, the district court did not have subject-matter jurisdiction to hear Mr. Miller's claims on the merits and we likewise lack jurisdiction to adjudicate the merits of this appeal.

*Miller v. Collins*, No. 23-3191, 2023 WL 7303305, at *3 (6th Cir. Nov. 6, 2023) (footnotes omitted). And the Court specifically pointed out that a late-filed petition to become an administrator spoke for itself: "It is nevertheless notable that the probate court's order appears to have been entered months *after* the amended complaint was filed." *Id.* at *3 n.1 (emphasis in original). As the Court explained, a Section 1983 claim, like a claim under the Federal Tort Claims Act, taps into state law. *Id.*; *see also* 28 U.S.C. § 1346(b); 28 U.S.C. § 2679(b). And under state law, Plaintiff had no standing when this case was filed.

This deficiency cannot be cured by amendment. A lawsuit filed without standing is a nullity. *Zurich Ins. Co.*, 297 F.3d at 531 ("Whereas Zurich American admittedly has not suffered injury in fact by the defendants, it had no standing to bring this action and no standing to make a motion to substitute the real party in interest."). An amended complaint does nothing to cure the defect, because standing is measured at the time a case is filed. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 n.5 (1992) ("[S]tanding is to be determined as of the commencement of suit[.]"); *Miller*, 2023 WL 7303305, at *3; *Joachim v. United States*, No. 22CV5719DLIRML, 2023 WL 6292542, at *2–3 (E.D.N.Y. Sept. 27, 2023) ("Plaintiff's receipt of the letters testamentary on September 16, 2022, does not cure the defect, which must be judged as of the commencement of Plaintiff's suit, i.e., July 15, 2022, and not as of any other date.") (similar issue under New York law). Therefore, this case must be dismissed.

**III.    Even Under a Rule 17 Analysis, This Case Must Be Dismissed.**

Another way to analyze this issue is through Rule 17, which addresses capacity to sue. For example, Rule 17 accounts for suits brought by executors and administrators on behalf of the real

9

party in interest. Fed. R. Civ. P. 17(a)(1)(A, B). Capacity to sue, though, is determined by the law of the state where the court is located, here Tennessee. Fed. R. Civ. P. 17(b)(3). As many courts have noted, Rule 17 and standing analyses are often intertwined. *Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir. 1992) ("Frequently, attorneys and courts confuse the concepts of standing with that of capacity to sue and with the real party in interest principle."). Under Tennessee law, Plaintiff did not have capacity to sue on behalf of the estate when she filed this complaint.

In general, Rule 17 favors joinder of the real party in interest, and the text of the Rule permits the real party in interest to ratify the action later. Fed. R. Civ. P. 17(a)(3) ("After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."). Consistent with Rule 17's liberal policy of allowing for substitution, some courts have allowed the use of Rule 17 to replace invalid estate administrators. *See, e.g.*, *Yien-Koo King v. Wang*, No. 14 CIV. 7694 (JFK), 2018 WL 1478044, at *5 (S.D.N.Y. Mar. 26, 2018). But as the Advisory Committee notes to Rule 17 state, that provision is designed "to be lenient when an honest mistake has been made in choosing the party[.]" Fed. R. Civ. P. 17(a) advisory committee's note to 1966 amendment. "The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Id*.

Plaintiff fails this test. There was no mistake. Plaintiff and her father were contemplating this suit before Garrett's death. Exhibit E at 73:3-74:22; 207:12-209:1. When Garrett died in October 2022, Plaintiff was not diligent in opening an estate. By May 2023, the statute of limitation was imminent, so this case had to be filed or claims could be forfeited. Plaintiff waited until May 8 of 2023 to file suit, and at that time she clearly knew she lacked standing to sue. Thereafter, she sought appointment from the probate court in Tennessee, and did not reveal that

sequence to Defendants or to the Court.[5]  Under these facts, Rule 17 does not save Plaintiff's case. 6A Fed. Prac. & Proc. *Civ.* § 1555 (3d ed.) ("[I]t has been held that when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed."); 3 Bus. & Com. Litig. Fed. Cts. § 24:19 (5th ed.) ("Relief under the last sentence of Fed. R. Civ. P. 17(a) will not be allowed where the plaintiff improperly seeks to manipulate the rule for strategic advantage."); *see also id.* § 24:22 ("Thus, courts uniformly have held that Fed. R. Civ. P. 17(a)(3) cannot be manipulated to circumvent limitations periods.").  Here, Plaintiff waited until nearly the last day to file suit, and then took affirmative steps *after the fact* to obtain standing.  And Plaintiff explicitly alleged in the original complaint that she was already the personal representative of an estate she later took steps to open.  This situation is not a misnomer or mistaken choice in naming a plaintiff, but consciously filing suit without legal capacity to do so.

"In deciding whether to allow a real party in interest to substitute into an action for the named plaintiff, the Court considers whether there has been an honest mistake as opposed to tactical maneuvering, unreasonable delay, or undue prejudice to the non-moving party."  *Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 615 (W.D. Tenn. 2011) (quoting *Tool–Plas Systems, Inc. v. Camaco, LLC*, No. 09-12003, 2010 WL 1347686, at *2 (E.D. Mich. Mar. 31, 2010), and determining there was no evidence of tactical maneuvering).  Here, the course of conduct by Plaintiff bespeaks significant tactical maneuvering (evasive discovery responses, lack of candor, unexplained amendment to complaint), unreasonable delay (gap of October 2022 through May of 2023), and undue prejudice to the Defendants who had to dig to uncover this information following Plaintiff's deposition.  There is no way to read Plaintiff's

---

[5] Plaintiff did produce documents from the estate proceedings on April 4, 2024, but only after a significant volume of follow-up requests, letters to counsel, and telephone calls regarding Plaintiff's discovery responses.

11

course of conduct (filing this case, then seeking appointment) as anything other than tactical maneuvering.

Rule 17 does not permit gamesmanship like this. *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 562 (3d Cir. 2008); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 279 F.R.D. 395, 411 (S.D. Tex. 2011) ("[I]t is impermissible for a party not the real person in interest to file suit to avoid the statute of limitations."). And courts have held that later attempts to secure administrator status do not cure the problem. *In re Air Crash Disaster off Coast of Nantucket Island, Massachusetts on Oct. 31, 1999*, No. MD-00-1344 (BMC), 2010 WL 1221401, at *6 (E.D.N.Y. Mar. 29, 2010) ("[P]laintiff's subsequent efforts to obtain personal representative status since 2001 indicate that he was personally aware that he did not have the right to bring the action without first becoming a representative of his parents' estates…Rule 17(a) has no application to plaintiff Mohamed, who filed this lawsuit when he had no cause of action and later obtained the cause of action through his appointment as a representative."); *Cao v. Nguyen*, No. CIV. A. 92-1669, 1992 WL 373563, at *2 (E.D. La. Dec. 7, 1992), *appeal dismissed*, 9 F.3d 103 (table) (5th Cir. 1993) ("Likewise, Rule 17(a) does not apply to Ms. Cao, who filed this lawsuit when she had no cause of action, and later obtained the cause of action through her appointment as administratrix. Her efforts to obtain that status indicate that she was well aware that she did not have the right to bring this action when it was filed.") (sanctioning attorney under Rule 11 for signing court papers containing representations that were not "well grounded in fact").

Rule 17 does not specify how to raise a capacity issue, and there appears to be some disagreement in the federal courts over which procedural vehicle is most appropriate for such an objection. *See generally* 6A FED. PRAC. & PROC. *Civ.* § 1554 (3d ed.); 3 BUS. & COM. LITIG. FED. CTS. § 24:16 (5th ed.). *Compare also, e.g., Alexander v. DLJ Mortg. Cap., Inc.*, No. 3:15CV293TSL-RHW, 2016 WL 11613005, at *3 (S.D. Miss. July 5, 2016) (choosing 12(b)(6)), *with Goodloe Marine, Inc. v. Caillou Island Towing Co., Inc.*, No. 8:20-CV-1641-JLB-AAS, 2022

12

WL 5163893, at *1 (M.D. Fla. Oct. 5, 2022) (choosing 12(b)(1)), *and Neighbors v. Mortg. Elec. Registration Sys., Inc.*, No. C 08-5530 PJH, 2009 WL 192445, at *2 (N.D. Cal. Jan. 27, 2009) (same). Still, the fact remains that Plaintiff did not have legal capacity to bring this suit at the time the suit was filed, and Plaintiff's maneuvering since that time cannot cure this defect. The United States has, therefore, chosen to caption this motion as explicitly under Rule 12(b)(1), and it relies on the ample authority supporting that proposition.

## CONCLUSION

Tennessee law is clear that appointment as an administrator is necessary to pursuing claims due an estate. Plaintiff took steps after the fact to secure the necessary status in the state probate courts. If that step was unnecessary, there was no reason to take it. The fact that this was done *after* the complaint in this case was filed (solely to save the statute of limitations on certain claims) bespeaks gamesmanship. And since the case was filed, Plaintiff has offered incomplete and evasive answers on this issue. Here, Plaintiff and her attorneys had months to secure the necessary status and did not. The United States has and will continue to suffer significant prejudice in having to defend a costly case like this one, and the Court should not allow this conduct to pass before it. Cases under federal and Tennessee law are clear – a plaintiff who has not secured the appropriate status lacks standing and this problem cannot be cured with a later Amended Complaint, as Plaintiff has attempted to do.

For the reasons discussed herein, the motion should be granted and this case dismissed.

//

//

//

//

//

*[signature on next page]*

13

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

s/ Michael Tackeff
ANICA C. JONES, B.P.R. # 025325
MICHAEL C. TACKEFF, B.P.R. #036953
KIMBERLY S. VEIRS, B.P.R. #034811
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, TN  37203
Telephone: (615) 736-5151
Email: anica.jones@usdoj.gov
   michael.tackeff@usdoj.gov
   kimberly.veirs@usdoj.gov
*Attorneys for the United States*

14

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2024, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy was sent by United States first class mail, postage prepaid, to the following:

| | |
|---|---|
| Kathleen T. Zellner<br>Nicholas Curran<br>Joanna P. Kluzowska<br>Kathleen T. Zellner & Associates, P.C.<br>4580 Weaver Parkway, Suite 204<br>Warrenville, IL 60555<br>Email: attorneys@zellnerlawoffices.com<br>Email: nick@zellnerlawoffices.com | Wesley B. Clark<br>Brazil Clark, PLLC<br>2901 Dobbs Avenue<br>Nashville, TN 37204<br>Email: wesley@brazilclark.com |
| Melissa S. Roberge<br>John W. Ayers<br>Michael R. Dohn<br>Metropolitan Legal Department<br>P.O. Box 196300<br>Nashville, TN 37219<br>Email: melissa.roberge@nashville.gov<br>Email: will.ayers@nashville.gov<br>Email: michael.dohn@nashville.gov | Peter J. Strianse<br>Tune, Entrekin & White, P.C.<br>Capitol View<br>500 11th Avenue North, Suite 600<br>Nashville, TN 37203<br>Email: pstrianse@tewlawfirm.com |

s/ Michael Tackeff
MICHAEL C. TACKEFF
Assistant United States Attorney