**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | |
|---|---|
| DEANA WATSON, as Independent Administrator of the Estate of CLAUDE GARRETT, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>Current and/or Former Nashville Metropolitan Fire Department Marshalls KENNETH PORTER, et al.,<br><br>Defendants. | Case No. 23–cv–00456 |

**JOINT MOTION FOR DISCOVERY CONFERENCE**
**RE THE DEPOSITION OF DEFENDANT DESMOND CARTER**

Plaintiff and the Individual Metro Defendants, by and through their respective attorneys, respectfully move the Court for a discovery conference to resolve a discovery dispute that arose during the deposition of Defendant Desmond Carter. At this time, neither the United States nor Defendant Cooper have a position on this dispute. If the Court finds that a discovery conference is not necessary, the Parties each adopt their position statements below and agree that the Court can decide the issue without further briefing. (Initial Case Management Order, § G, Doc. No. 55).

***Background***

On April 12, 2024, Defendant Desmond Carter appeared for his deposition. Shortly after the deposition began, Plaintiff's counsel asked Defendant whether he reviewed any documents in preparation for his deposition. Mr. Carter's attorney objected to the question based on the work product privilege. Defense counsel

instructed her client not to disclose that he reviewed any documents that were provided to him by his attorneys. Before Plaintiff's counsel could respond to the objection, Mr. Carter answered the question, "No."[1]

Plaintiff's counsel disagreed that the work product privilege applies to a general question about what documents a party reviewed prior to their deposition because Plaintiff's counsel did not ask Mr. Carter to specify what documents, if any, his attorney had provided to him.

The parties attempted to contact Magistrate Judge Frensley's chambers and courtroom deputy by phone but were unsuccessful. After discussing the issue by phone, the parties could not reach an agreement on the propriety of the objection. Plaintiff's counsel elected to suspend the deposition until the dispute is resolved by this Court.

Pursuant to Local Rule 37.01(b), the parties submit below a joint discovery statement.

## Joint Discovery Dispute Statement

### *The Issue in Dispute*

The issue to be decided by this Court is whether a party must identify all the documents he reviewed in preparation for his deposition, including those provided to him by his attorney, in response to the following question,

Q: Did you review any documents in preparation for your deposition?

[1] Plaintiff's counsel was taking the deposition via Zoom and did not hear Mr. Carter's response to the question.

—in conjunction with the anticipated follow-up question,

Q: What documents did you review?

—or, may a party refuse to identify any documents he reviewed that were provided to him by his attorney based on the work product privilege.

*The Parties' Positions*

*Plaintiff's Position*

In summary, Plaintiff's position is that the work product privilege does not apply to the questions because the answer does not require Mr. Carter to disclose "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."[2] Fed.R.Civ.P. 26(b)(3)(A). Answers to the questions also do not disclose the "conclusions, opinions, or legal theories" of the party's attorney, *i.e.*, "core work product." Fed.R.Civ.P. 26(b)(3)(B). The Court should therefore order Mr. Carter (and other party deponents) to answer the question without regard to whether the documents he reviewed were provided to him by his attorney.

"What documents did you review in preparation for this deposition[ ]" is a "textbook" deposition question. *In re Xarelto Products Liab. Lit.*, 314 F.R.D. 397, 408 (E.D. La. 2016) (citing *Nutramax Labs., Inc. v. Twin Labs. Inc.,* 183 F.R.D. 458, 461 (D. Md. 1998)). "It is beyond dispute that the list of materials reviewed by a witness in preparation for a deposition contains material relevant to claims or defenses." *Id.*

---

[2] Plaintiff's counsel further clarified at the deposition that he was not asking Mr. Carter to identify any documents he reviewed the were generated by his attorney.

"In short, a list of documents reviewed by a witness in preparation for a deposition is discoverable under Rule 26(b), because the list is relevant, proportional to the needs of the case, and not privileged." *Id.* at 409.

Significantly, Plaintiff's counsel did not ask Mr. Carter to differentiate between documents he reviewed on his own and those that were provided to him by his attorney. Several courts have held that a question asking a party to merely identify the documents he reviewed in preparation for his deposition does not seek information protected by the attorney work product doctrine. *E.g.*, *Correia v. Jones*, No. 6:17-cv-06082, 2018 WL 10467959, *2 (W.D. Ark. June 27, 2018) ("[A] question about what documents a deponent reviewed will not implicate the work product doctrine in the ordinary case."); *Mendenhall v. American Booksellers Ass'n., Inc.*, No. 88-CIV-8998, 1990 WL 422415, *3 (S.D.N.Y. May 1, 1990) (ordering that attorneys would be allowed to ask what documents the witness reviewed, but not whether the document was given to them by counsel); *Keller v. Sumco, Inc.*, 1:07-cv-1426, 2009 WL 10692012, *4 (S.D. Ind. May 5, 2009) (holding that the disclosure of documents the witnesses reviewed will not disclose the "mental impressions" of counsel as the term is defined under the Federal Rules of Civil Procedure); *Shaffer v. Perry's Restaurants, Ltd.*, No. 16-cv-01193, 2018 WL 5260049, *3 (W.D. Tex. Oct. 22, 2018) (noting that the work product privilege can be avoided if counsel refrains from asking whether documents were shown to party by their attorney); *In re Pradaxa Products Liability Litigation*, No. 3:12-md-02385 ) 2013 WL 1776433, *3 (S.D. Ill. Apr. 25, 2013) (ordering disclosure of a list of documents reviewed by defendant witnesses

prior to depositions but barring either side from asking which of the documents reviewed were selected by counsel).

*Sporck*—a divided panel decision out of the Third Circuit on which the defense relies to support its objection—has been widely criticized and rejected by many other courts. *E.g.*, *Keller*, 2009 WL 10692012 at *2. In departing from the majority in *Sporck*, the First Circuit has held, "[N]ot every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product. . . . [T]he mere selection and grouping of information by counsel for a deponent to review does not automatically transform otherwise discoverable documents into work product." *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1015 (1st Cir. 1988). Some courts have gone so far as to hold that the work product doctrine does not protect from disclosure which specific documents counsel provided to the deponent to review before their deposition:

> [T]he court rejects the Sprint defendants' argument that the identity of specific documents selected by counsel for review prior to a deposition is protected by the work-product doctrine. Having prepared literally hundreds of witnesses for deposition and trial while in private practice, the undersigned simply believes it is too big a leap to suggest that the mere identification of documents a witness reviews at the direction of counsel improperly provides a roadmap of the attorney's strategies and opinions.

*New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 436 (D. Kan. July 2, 2009). [3]

*Genesco* does not stand for the proposition that the work product doctrine applies to the questions Plaintiff's counsel posed to Mr. Carter. In *Genesco*, the

[3] Again, Plaintiff's counsel did not ask and has no intention of asking parties which specific documents their attorney provided to him.

district court cited *Spork* by way of footnote for the proposition that "disclosure of a *lawyer's* selection of certain documents from a large amount of documents infringes on counsel's mental processes." *Genesco*, 302 F.R.D. at 191, n.5 (emphasis added). Again, Plaintiff's counsel asked Mr. Carter what documents *he* reviewed, not what documents his attorney provided to him. *Genesco* is therefore inapposite.

The defense's argument that "the trend in the Sixth Circuit is to adhere to the principle and reasoning in *Spork*" is misleading. None of the cases on which Mr. Carter's counsel rely stand for the proposition that a work product objection to the general question, "What documents did you review in preparation for your deposition?" is proper.

In *K&S Associates*, the plaintiff sought production of a memorandum that the witness's lawyer provided to him before his deposition. *K&S Associates, Inc. v. American Ass'n of Physicists in Med.,* 2012 WL 4364087 (M.D. Tenn. Sep. 21, 2012). Importantly, the memorandum that was provided to the witness *was prepared by his attorney*. *Id.* at 2. In denying the plaintiff's motion, the court cited *Sporck* for the proposition a party must make a preliminary showing that the witness relied upon a document in giving his testimony, or that the witness's testimony was influenced by reviewing the document before it must be provided *under Federal Rule of Evidence 612*. *Id.* That holding is inapposite here because (1) the defendant in *K&S* did not assert a work product objection to disclosing what documents he reviewed prior to his deposition, (2) Plaintiff is not asking this Court to compel production of any document arguably protected as work product, and (3) information about what documents Mr.

Carter reviewed is not only relevant under the circumstances possibly invoked under Rule 612, but for a host of additional reasons. *E.g.*, *Keller*, 2009 WL 10692012, *4, fn.6 ("Testimony that a witness reviewed a particular document before a deposition is discoverable, whether or not the witness' recollection was refreshed, because it goes to the witness' credibility.")

In *Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 2008 WL 11342544, (E.D. Tenn. Nov. 4, 2008), the defendant filed a motion to compel the plaintiff's attorney to produce publicly available documents that plaintiff's counsel obtained from a third party. *Id.* at *3. *Stratienko* obviously has no bearing here because Plaintiff's counsel has not asked for Mr. Carter to produce any documents, let alone any documents that his attorneys sought out and obtained after this lawsuit was filed. If anything, *Stratienko* supports a limited application of the attorney work product doctrine in these circumstances, because it favorably cited Second Circuit jurisprudence that characterized *Sporck* "as creating only a "narrow exception" to the principle that documents do not acquire protection simply by being transferred by client to attorney" that "depends upon the existence of a real, rather than speculative, concern that the thought processes of [the client's] counsel in relation to pending or anticipated litigation would be exposed." *Id.* at *6 (citing *In re Grand Jury Subpoenas*, 959 F.2d 1158 (2nd Cir. 1992)).

Last, Plaintiff's position is that Mr. Carter's answer to the question Plaintiff asked at his deposition (*i.e.*, that he did not review any documents not provided to him by his attorney) before Plaintiff's counsel had the opportunity to respond to the

objection does not alter how this Court should rule on the objection. An attorney cannot "manufacture a zone of privacy by voluntarily offering information regarding who selected the documents reviewed by a witness . . . The plaintiffs did not ask which documents were selected by counsel—defense counsel voluntarily disclosed that information. If defense counsel had not gratuitously revealed this information, the documents reviewed by the witnesses in preparation for their depositions could have been disclosed . . . without any risk of revealing attorney-work product." *In re Pradaxa*, 2013 WL 1776433 at *3. The same is true here. Plaintiff's counsel's question was not designed to illicit information about what documents defense counsel provided to Mr. Carter. Absent defense counsel's efforts to shield from discovery something as simple (and routine) as what documents Mr. Carter reviewed in preparation for his deposition, Plaintiff would have no way of discerning what documents his attorneys provided to him. Plaintiff should not suffer any consequences from defense counsel's improper objection.

***Metro Defendants' Position***

Mr. Carter is in his eighties. He has been retired for more than twenty years, and he navigated traffic and parking in downtown Nashville to testify about events that are decades old, with a request for a sizeable judgment hanging over his head. Plaintiff seeks to hold Mr. Carter liable for constitutional violations as the supervisor of two other Metro Nashville Defendants. Naturally, his attorney prepared him for

his deposition by selecting documents from thousands of pages of discovery.[4] Within minutes of the deposition being convened, Plaintiff's counsel suspended the deposition because Defense counsel asserted the work-product privilege. Plaintiff's counsel had asked what documents Mr. Carter reviewed. Rather than being content with asking what documents Mr. Carter reviewed independent of counsel, Plaintiff's counsel suspended the deposition and refused to proceed.[5]

Plaintiff has no right to know which documents Defense counsel provided to Mr. Carter. But that is exactly what Plaintiff's counsel seeks to do by refusing to narrow his question to "what documents did you review that were not provided to you by counsel?" Accordingly, Desmond Carter, David Miller, William Roland, and Otis Jenkins request a protective order to ensure that they need not divulge what documents counsel used to prepare them for their deposition.

In litigating this case, the parties have exchanged more than 30,000 pages of documents. Defense counsel must make strategy choices on which documents, if any, to show each client in preparation for their depositions. For some of the Metro Defendants, the only documents that they have reviewed are documents that were shown to them by counsel. Others may have sought out documents on their own.

---

[4] Because Mr. Carter has been retired for so long, he has no access to any documents relevant to this case except what has been provided to him by counsel. Defendants Otis Jenkins and David Miller are in the same position.

[5] Counsel for the Metro Defendants agreed that Plaintiff's counsel could appear by Zoom to eliminate the hassle of travel for counsel. That same courtesy was not extended to Mr. Carter in continuing with the deposition to determine if this dispute was necessary. Mr. Carter requests that if his deposition is reconvened that he be reimbursed mileage, parking, and the transcript fee.

Plaintiff may ask about documents that a Metro Defendant sought out and reviewed on their own, but not documents that counsel curated.

"Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). Rule 26(b)(3) protects both ordinary and opinion work product. "Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses." *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985).

In *Sporck*, the Third Circuit confronted this exact issue and held that the "selection and compilation of documents by counsel in this case in preparation for pre-trial discovery falls within the highly protected category of opinion work product." *Id.* The court reached this conclusion because the documents an attorney chooses to show a deponent reveal mental impressions by conveying what is, or is not, important to counsel. *Id.*

While Plaintiff claims that there is widespread disagreement with *Sporck*, it is not universal or unanimous. *See* § 26:194. Attorney's selection and compilation of documents as work product, 10 Fed. Proc., L. Ed. § 26:194 (stating that most courts find the selection and compilation of specific documents from a larger set is opinion work-product). Also, that disagreement, unless it is by the United States Supreme Court or the Sixth Circuit, does not make the objection improper or baseless.

The trend in the Sixth Circuit is to adhere to the principle and reasoning in *Sporck*. The vehicle is not the focus of the inquiry. The information that is being protected is the focus. Given that, Courts in this district have cited it favorably regardless of what discovery tool — deposition, interrogatories, or requests for production — is used. *Genesco, Inc. v. Visa U.S.A., Inc.*, 302 F.R.D. 168, 191 n.5 (M.D. Tenn. March 10, 2014) (refusing to require a privilege log for documents that counsel shared with a consultant based on *Sporck*.)[6]; *see also K & S Associates, Inc. v. American Ass'n of Physicists in Med.*, 2012 WL 4364087, at *3 (M.D. Tenn. Sep. 21, 2012) (citing *Sporck* to support its ruling that a specific document did not need to be provided to the adversary). So has the Eastern District of Tennessee. *Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 2008 WL 11342544, at *6 (E.D. Tenn. Nov. 4, 2008) (protecting a party from producing a selection of documents that were as available to both sides based on *Spork*). The Eastern District of Michigan agrees as well. *Allen v. Lickman*, No. 13-13401, 2014 WL 12768335, at *5 (E.D. Mich. Oct. 31, 2014), *objections overruled*, No. CA 13-13401, 2015 WL 506673 (E.D. Mich. Feb. 6, 2015) (noting that "[t]he only way that the work product doctrine extends to the act of assembling documents is if the opposing party seeks to discover which documents his adversary selected and compiled out of a larger pool of evidence to prepare for a deposition or similar hearing" and citing *Spork*); *Cason-Merenda v. VHS of Mich. Inc.*, 118 F.Supp.3d 965, 969 (relying on *Spork* to find that requests for counsel's selection

[6] Plaintiff has failed to distinguish *Genesco*. When the only documents that Mr. Carter reviewed are documents provided by counsel, it does not matter *how* the question is asked. The result is the same because any answer that identifies the specific documents necessarily reveals what documents counsel selected.

and compilation of documents is protected work product).In short, district courts in the Sixth Circuit adhere to the view that the work product privilege protects an attorney's selection of documents from voluminous discovery, regardless of what discovery mechanism is used to request the selection. This Court should reaffirm that principle.

Plaintiff's counsel's refusal to reframe the question shows that the point of the question is to find out what documents were chosen by defense counsel. If that were not the point, Plaintiff's counsel would have been satisfied with knowing what documents Mr. Carter (or the remaining Metro Defendants) reviewed on their own. Nothing precludes Plaintiff's counsel from asking about the documents that he "was incisive enough to recognize and question [Mr. Carter] on." *Spork*, 759 F.2d at 318. Indeed, Plaintiff's counsel had selected the documents that he found relevant to question Mr. Carter on. (*See* Plaintiff's Counsel's email with anticipated exhibits, attached as Exhibit 1). But Plaintiff's counsel refused to proceed unless he knew which documents defense counsel provided to Mr. Carter. That is protected work product, and Defendants should not have to reveal it.

Finally, Plaintiff's counsel should not be permitted to use a proposed resolution to a disagreement as a spear. Undersigned counsel tried to resolve this dispute without Court intervention by explaining to Plaintiff's counsel that Mr. Carter had reviewed no documents that counsel did not provide. Now, Plaintiff argues that defense counsel created the disclosure of opinion work product and should not benefit from that disclosure. Volunteering this information did not seek to create a zone of

privacy; that zone already existed. *Stevens v. Corelogic, Inc*, 2016 WL 397936, at *9 (S.D. Cal. Feb. 2, 2016). Attorneys routinely prepare their clients for depositions by showing them documents. "[T]here is an implicit presumption that some, if not all, of the documents reviewed by a deponent were selected for review by his counsel." *Id.* That was the case here.

Therefore, the Court should rule that the work-product doctrine protects defense counsel's selection of documents for deposition preparation. The curation of documents particular to each individual defendant's deposition reflects defense counsel's mental impressions and strategic decisions. Because that is what the work product doctrine strives to protect, the Court should determine that Mr. Carter, Mr. Jenkins, Mr. Roland, and Mr. Miller are not required to divulge which documents defense counsel provided for review.

***Efforts at Resolution***

The parties in good faith attempted to resolve their differences during Mr. Carter's deposition by distinguishing the authority relied on by the other side and providing precedent supporting their positions. However, the parties reached an impasse. This Court's intervention is especially appropriate because the issue is likely to reoccur when other parties are deposed.

Respectfully submitted,

/s/ Nicholas Curran
Nicholas Curran, ARDC#6291493
Attorney for Plaintiff
Kathleen T. Zellner & Associates, P.C.
4580 Weaver Parkway, Suite 204
Warrenville, Illinois 60555
(630) 955-1212
nick@zellnerlawoffices.com

/s/Melissa Roberge
Melissa Roberge (#026230)
John W. Ayers (#037494)
Michael Dohn (#037524)
Attorneys for Metro Defendants
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
melissa.roberge@nashville.gov
will.ayers@nashville.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served via the Court's electronic filing system to:

Kathleen T. Zellner
Nicholas Curran
Joanna P. Kluzowska
Zellner & Associates, P.C.
4580 Weaver Parkway, Suite 204
Warrenville, IL 60555

Wesley B. Clark
Brazil Clark, PLLC
2901 Dobbs Avenue
Nashville, TN 37211

Anica C. Jones
Michael C. Tackeff
Kimberly S. Veirs
United States Attorney's Office
719 Church Street, Suite 3300
Nashville, TN 37203

Peter J. Strianse
Tune, Entrekin & White, P.C.
500 11th Avenue North, Suite 600
Nashville, TN 37203

on this 17th day of April 2024.

/s/*Melissa Roberge*
Melissa Roberge